# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE: 3:10cv629-RJC

| | |
|---|---|
| MICHAEL RAY CHERRY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| ARAMARK CO., | ) |
| (JOHN OR JANE DOE) PLATT, | ) |
| (JOHN OR JANE DOE) T. Barie, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 9, 2010. (Doc. No. 1).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's claim against ARAMARK and an unnamed food service worker must be dismissed. The claims against Defendants Platt and T. Barie may proceed.

Plaintiff currently is incarcerated at the Mecklenburg County Jail. It appears from the complaint that the jail has contracted with ARAMARK to provide food service for the inmates.

Although he names ARAMARK as a defendant, Plaintiff has not attributed any of the acts in the complaint to ARAMAK itself. He, therefore, has failed to state a claim against ARAMARK, and it will be dismissed as a defendant. § 1915A(b)(1).

Plaintiff contends that food service worker Platt (FNU), an employee of ARAMARK, refused on August 10, 2010, September 4, 2010, and October 14, 2010, to provide him with food meeting the requirements of a high protein diet that was ordered for him by medical personnel at the jail. He contends further that Platt continues to refuse to provide him with meals meeting his dietary requirements. Plaintiff also contends that food service worker T. Barie (FNU), an employee of ARAMARK, refuses to provide him with food meeting the requirements of his high protein diet. He asserts further that on April 7, 2010, Barie sent him food to which he was allergic and refused to replace it when alerted about the allergy. After careful review of the Plaintiff's Complaint, the undersigned finds that Defendants Platt and Barie should file an Answer to Plaintiff's complaint.

Finally, Plaintiff alleges that an unnamed food service worker removed his high protein diet from the food service schedule, the result of which was that Plaintiff did not receive his daily snack bag from August 11, 2010 through September 9, 2010. However, as Plaintiff has not attributed these actions or inactions to any party named in the complaint, the claim will be dismissed without prejudice. § 1915A(b)(1).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant ARAMARK is dismissed and should be removed from the caption of this case;

2. Plaintiff's claim that an unnamed food service worker acted in such a way as to deprive Plaintiff of his daily snack bag from August 11, 2010

through September 9, 2010 is DISMISSED WITHOUT PREJUDICE;

3. The Clerk shall provide a copy of this Order to the Sheriff of Mecklenburg County;

4. The Sheriff of Mecklenburg County shall within twenty (20) days of the filing of this Order, file a document in this Court stating the full names of Defendants Platt and T. Barie and whether they remain employed at the Mecklenburg County Jail, and providing forwarding addresses if they are no longer employed at that facility. If Defendant Platt or Defendant T. Barie is no longer employed at the Mecklenburg County Jail, the Sheriff shall file the document under seal;

5. The Clerk of Court, upon receipt of the document identifying Defendants Platt and T. Barie, shall issue summons for each and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost;

6. The Clerk of Court also shall change the docket to reflect Defendant Platt and Defendant T. Barie's first and last names; and

7. Defendants Platt and T. Barie shall file an Answer to the claims in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Robert J. Conrad, Jr.
Chief United States District Judge

Signed: December 30, 2010